■ In the Matter of ERIC X. and Others, Alleged to be Abused Children. MASAO X., Appellant; RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 1.) In the Matter of MASAO X., Appellant, v FRANCIS Z., Respondent. (Proceeding No. 2.) Mikoll, J. Appeals (1) from an order of the Family Court of Rensselaer County (Perkinson, J.), entered March 21, 1990, which denied petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 10, for an order returning petitioner's children to his

custody, and (2) from an order of said court, entered October 17, 1989, which dismissed petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 6, for visitation with petitioner's children.

The issue to be resolved herein is whether Family Court properly dismissed petitioner's petitions seeking, *inter alia,* visitation rights with his three minor children. In a prior proceeding, joint custody of the children had been awarded to respondent Francis Z. and his wife, who were the children's maternal aunt and uncle, and to certain paternal relatives, with physical custody awarded to the aunt and uncle. Petitioner also sought rescission of joint custody and for a return of the children to his custody.

The first proceeding, initiated in December 1989, against respondent Rensselaer County Department of Social Services (hereinafter DSS) sought custody of the children. Family Court dismissed that petition because DSS had not had custody of the children since November 23, 1987 when temporary custody was awarded to the aunt and uncle. Furthermore, the order in the prior proceeding concerning custody was entered on consent of the parties and petitioner, though served in that proceeding, did not appeal.

In the second proceeding involved herein, petitioner sought visitation with his children, which was denied by Family Court on the basis of the best interests of the children. The record reveals that petitioner was charged with the shooting deaths of his wife and a Rensselaer County social worker, was subsequently convicted of the murder of the social worker, and is now serving a sentence of 25 years to life.

In our view, the present petitions were properly dismissed in that custody of the children is no longer with DSS and are thus untimely and inappropriate. We also decline to address the issues raised by petitioner for rescission of custody and an award of custody to him. These matters should have been raised on appeal from the order in the proceeding which awarded custody to the aunt and uncle *(see,* CPLR 5513 [a]). Furthermore, we cannot agree that Family Court erred in determining that visitation would not be in the best interests of the children. Petitioner's remaining contentions have been considered and found lacking in merit.

Casey, J. P., Weiss, Crew III and Harvey, JJ., concur. Ordered that the orders are affirmed, without costs.