■ In the Matter of ERNEST W. VANN, Appellant, v GLORIA J. VANN, Respondent. [613 NYS2d 481] —Casey, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered April 2, 1993, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of visitation.

Petitioner, who has been incarcerated since February 1990 and is now serving an indeterminate sentence in Elmira Correctional Facility in Chemung County following his conviction of murder in the second degree, seeks visitation at the facility with his two daughters. On a prior appeal in this matter, we held that petitioner's incarceration, standing alone, did not result in an automatic forfeiture of petitioner's right to visitation (187 AD2d 821). We remitted the matter to Family Court for further proceedings, noting the presumption that visitation is in a child's best interest *(supra).* After a hearing at which the parties and the two children were called as witnesses, Family Court denied petitioner's application, resulting in this appeal.

Petitioner stands convicted of a serious, violent offense, murder in the second degree, and he was previously convicted of assaulting respondent. His most recent conviction exposed his family to notoriety and visits from the media, which caused problems for the children at home and at school. Prior to his incarceration, petitioner was thousands of dollars in arrears on his child support obligation and he failed to provide medical coverage for the children. During this period, he also exercised his visitation rights sporadically. The oldest daughter testified that she did not see petitioner often before he went to prison and that he really was not a part of her life.

She also testified that she did not want to visit petitioner, and there is evidence that she experienced nightmares when she learned that petitioner wanted visitation in prison. The youngest daughter is severely handicapped, unable to communicate and has difficulty walking. Family Court found no indication that she even recognized petitioner. Inasmuch as the minimum period of incarceration for a class A-I felony is at least 15 years (Penal Law § 70.00 [3] [a] [i]), petitioner will remain in prison until long after the children reach the age of majority. Although none of these factors is sufficient, in and of itself, to justify termination of petitioner's visitation (see, e.g., Matter of McCauliffe v Peace, 176 AD2d 382), cumulatively the evidence supports Family Court's denial of petitioner's application (see, Matter of Masao X. v Francis Z., 175 AD2d 410, 411, lv denied 78 NY2d 860).

Cardona, P. J., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.