■ In the Matter of BRIAN FORSYTH, Respondent, v KELLI AVERY, Appellant. [692 NYS2d 864] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 20, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' child.

Petitioner and respondent are the parents of a child born in December 1995. Following their separation, respondent was awarded custody of the young boy and obtained an order of protection preventing petitioner from contacting her. During the summer of 1997, respondent consented to an order allowing petitioner to have visitation for one hour each Saturday under her supervision. Petitioner attended two visits, but did not see the child after September 1997. As a result, respondent was granted relief by Family Court from attending the weekly visits.

In January 1998, petitioner made the instant application for visitation with the child. He was at that time incarcerated and scheduled to be released in July 1998. Following a hearing, Family Court, *inter alia*, ruled that petitioner could have visitation for one hour during the month of May 1998 with petitioner's mother providing transportation and supervision. Respondent appeals.

Inasmuch as the date for court-ordered visitation has since passed and respondent has not challenged any other aspect of Family Court's order, the appeal is moot (*see, e.g., Matter of Horton*, 255 AD2d 642; *Matter of Alex N.*, 255 AD2d 626; *Matter of Joshua OO.*, 254 AD2d 519). We do not agree with respondent's contention that this case presents an exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). We note that, if the issue of visitation arises again, the circumstances will likely have changed since petitioner was due to be released in July 1998. Furthermore, the issue of a child's visitation with an incarcerated parent is not a novel issue or one that typically evades review (*see, e.g., Matter of Rogowski v Rogowski*, 251 AD2d 827; *Matter of Vann v Vann*, 205 AD2d 897, *lv denied* 84 NY2d 805).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.