■ In the Matter of CIARA Z. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH BB., Appellant. [870 NYS2d 615]—

Stein, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered June 27, 2007, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to, among other things, vacate several prior orders, and (2) from an order of said court, entered December 18, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of Brittany AA. (born in 1989), Ashley AA. (born in 1991) and Ciara Z. (born in 2000). In June 2005, a petition was filed pursuant to Family Ct Act article 10 alleging that respondent neglected Brittany. A hearing was held on November 17, 2005. As the hearing was about to begin, respondent's counsel requested an adjournment because respondent was allegedly in a hospital emergency room in Pennsylvania. Family Court denied the request and, after conducting the hearing in respondent's absence, the court sustained the petition and issued an order of protection suspending respondent's visitation with all three children until she submitted herself to the jurisdiction of the court and prohibiting her from having contact with the children for one year. The written order of fact-finding and disposition entered in January 2006 set forth Family Court's findings that respondent had neglected Brittany and directed that respondent be placed under petitioner's supervision for a 12-month period under certain specified conditions.

In April 2006, petitioner learned that respondent had ceased her substance abuse treatment and that the children were in the custody of her mother. Therefore, petitioner filed an application for prepetition temporary removal of the children. Family Court granted that application and placed the children in petitioner's custody by order entered April 28, 2006.* In May 2006, petitioner filed a petition alleging that respondent had violated various provisions of the order of disposition, including the terms of the order of protection. In that same month, Fam-

---

* An identical order was re-signed and entered May 1, 2006.

ily Court issued a warrant for respondent's arrest, which also directed that Brittany and Ciara be brought before the court. After petitioner was able to locate the children and have them removed pursuant to the April 2006 order and the warrant, respondent moved, in April 2007, to vacate the "November 17, 2005 [fact-finding] order, the disposition[al] order, the violation [p]etition, [and] the removal order, [and for the] return of [the] children and recusal of the [Family Court judge]." Her motion was denied in its entirety in a May 2007 bench decision, followed by a written order entered in June 2007.

In June 2007, petitioner withdrew the earlier violation petition and filed another violation petition, again alleging myriad violations of the order of disposition and that respondent had absconded to Pennsylvania with the children. Petitioner simultaneously filed another neglect petition. After a hearing, Family Court sustained both petitions and, in December 2007, issued an order of fact-finding and disposition and permanency hearing of neglect that, among other things, allowed the children to be returned to respondent's care and custody and again placed respondent under petitioner's supervision for a period of 12 months. Respondent now appeals from the June 2007 and December 2007 orders.

Respondent's motion to vacate the November 2005 and January 2006 orders was not timely, having been made more than one year after a copy of the written order was mailed to her (*see* Family Ct Act § 1042). Thus, Family Court could have denied that portion of respondent's motion on that basis alone. We also find that Family Court did not abuse its discretion in rejecting respondent's excuse for her failure to appear at the November 2005 hearing and then proceeding in her absence (*see generally* Family Ct Act § 1011; *Matter of Elizabeth T.*, 3 AD3d 751, 753 [2004]; *Matter of Curtis N.*, 288 AD2d 774, 775 [2001], *lv denied* 97 NY2d 610 [2002]). Since no appeal was taken directly from the January 2006 order, respondent's claim that the evidence submitted at the hearing was insufficient is not properly before us (*see Matter of Eric X.*, 175 AD2d 410, 410 [1991], *lv denied* 78 NY2d 860 [1991]). Furthermore, since the first violation petition was withdrawn, that portion of the order denying respondent's request to vacate that petition is moot. Likewise, inasmuch as the children have been returned to her, the denial of respondent's request to vacate the removal order is also moot.

Turning to the December 2007 order, to support a finding of neglect, petitioner was required to establish by a preponderance of the evidence that a child's physical, mental or emotional well-being was impaired or at risk of becoming impaired as a result

of respondent's failure to exercise a minimum degree of care (*see* Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]). Based upon the testimony of professional and lay witnesses, as well as respondent's admissions, petitioner established that respondent had used drugs for decades, had been addicted to heroin and had failed to obtain necessary drug treatment. The evidence also demonstrated that respondent failed to obtain proper dental care for Ciara and that she did not send Brittany to school or properly homeschool her. In addition, there was evidence that the children were emotionally upset and frightened by having to move repeatedly to avoid law enforcement and even more so by the prospect of being separated from each other and being subject to contact with their maternal grandmother. Based on the totality of the evidence, we discern no error in Family Court's determination that the children were neglected (*see* Family Ct Act § 1012 [f] [i] [A]; *Matter of Amanda M.*, 28 AD3d 813, 814 [2006]; *Matter of Amber DD.*, 26 AD3d 689, 690 [2006]; *Matter of William AA.*, 24 AD3d 1125, 1125 [2005], *lv denied* 6 NY3d 711 [2006]).

We have considered respondent's remaining contentions and find them to be either academic or without merit.

Cardona, P.J., Rose and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.