■ In the Matter of BRIAN J. BOORE, Appellant, v FLORENCE H. PARKS, Respondent. [882 NYS2d 722]—Rose, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered April 18, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' child.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the biological parents of a child born in 1998. The father, who was in jail when the child was born, consented to entry of an order granting the mother sole custody with no visitation for him. Later, after not having seen the child for approximately six years, the father commenced this proceeding to obtain visitation while he was again incarcerated. Following a hearing, Family Court awarded him visitation by means of a video conference on one occasion. The father appeals, contending that Family Court should have granted him in-person jailhouse visitation.

Inasmuch as the father is no longer incarcerated, the appeal is moot (*see Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]). To the extent that he seeks in-person visitation now that he has been released on parole, the proper course would be to seek such relief in a new petition affording Family Court an

opportunity to determine the child's best interests under the father's current circumstances (*see Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]).

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.