# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**112**
**CAF 10-00169**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF THOMAS C. AND TRISTAN C.
-------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JENNIFER C., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

LISA M. FAHEY, ATTORNEY FOR THE CHILDREN, EAST SYRACUSE, FOR THOMAS C. AND TRISTAN C.

---

Appeal from an order of the Family Court, Onondaga County (Martha Walsh Hood, J.), entered December 14, 2009 in a proceeding pursuant to Family Court Act article 10. The order adjudged that respondent neglected her children.

It is hereby ORDERED that said appeal from the order insofar as it concerns visitation is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, adjudicated her two children to be neglected by her and provided that her visitation with them must be supervised. We dismiss the appeal from the order insofar as it concerns visitation inasmuch as that part of the order was entered on the mother's consent, and thus no appeal lies therefrom (*see* CPLR 5511; *Matter of Gittens v Chin-On*, 19 AD3d 596). We note in any event that the part of the order concerning visitation has since expired, rendering that part of the appeal moot (*see Matter of Forsyth v Avery*, 263 AD2d 705). We reject the mother's contention that petitioner failed to meet its burden of establishing that the children were neglected. Petitioner established by a preponderance of the evidence that the mental or emotional condition of each child had been or was in imminent danger of becoming impaired as the result of the mother's conduct in making false accusations of neglect against the father (*see Matter of Kevin M.H.*, 76 AD3d 1015, *lv denied* ___ NY3d ___ [Dec. 16, 2010]), and in otherwise involving the children in her antagonistic conduct toward the father (*see Matter of Caleb L.*, 287 AD2d 831). Contrary to the further contention of the mother, we conclude that Family Court

neither violated the Family Court Act nor denied her the right to due process when it curtailed her direct and cross-examination of witnesses.  The scope of the examination of witnesses rests within the trial court's sound discretion (*see generally Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 700-701), and we perceive no abuse of that discretion here.

Entered:  February 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court