■ In the Matter of SAMANTHA WW., Appellant, v GERALD XX., Respondent. (And Another Related Proceeding.) [969 NYS2d 180]—

Spain, J. Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered January 13, 2012, which, among other things, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for visitation with the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son, born in 2010. Prior to

the child's conception, the father pleaded guilty to assault in the third degree, which arose from an incident of domestic violence against the mother. As a result, a full stay-away order of protection was entered by County Court, Warren County (Hall, J.) prohibiting the father from having any contact with the mother until 2017. Notwithstanding this order of protection, the mother and the father conceived the child during the father's brief stint out of prison in 2009. By the time the child was born in January 2010, the father was incarcerated again, in state prison, having been convicted of criminal contempt for violating the order of protection.

For the first 11 months of the child's life, the mother and the father communicated through the child's maternal grandmother and the father regularly received photographs and updates regarding his welfare. The father saw him once, when the child was two months old. In late 2010, the mother stopped communicating with the father and, in March 2011, she filed a paternity petition and a petition seeking sole custody of the child. In response, the father, who was still incarcerated, admitted paternity and filed a petition seeking visitation in prison. Following a late 2011 trial, at which time the father's expected conditional release date was February 2012, Family Court (Jensen, J.) granted the mother sole custody and, among other things, awarded the father bimonthly visitation until he was "release[d] from state custody." The order provided for the child's paternal grandmother and the father's aunt to transport the child 250 miles from Saratoga County to Attica Correctional Facility in Wyoming County, including overnight if necessary. In addition, Family Court ordered the mother, through counsel, to send the father updates and photographs every two weeks until he was released from state custody. The order also permitted the father to send various forms of written communication to the child, through counsel, which the mother was required to "make sure . . . are presented to the child as appropriate." The mother now appeals.[1]

Initially, as the parties concede, during the pendency of this appeal, the father was released from state custody in April 2013 after serving his full sentence.[2] He was subsequently arrested and, at the time of oral argument, was in Warren County jail

---

**1.** As this Court issued a stay of Family Court's order pending the outcome of this appeal, with respect to the visitation provisions only, no visitation between the father and the child has occurred.

**2.** It appears that the father was conditionally released from prison in 2012 but, for reasons not apparent in the record before us, his conditional release was revoked and he was returned to state custody to complete his full sentence.

awaiting prosecution on an unrelated offense. The mother argues that this proceeding is not moot on the premise that the order will apply whenever the father is in state custody, which she argues is likely to recur and to evade review given his recidivism rate. The father, on the other hand, argues that this appeal is rendered moot by his release from state custody, and concedes that, because the visitation provisions of the order are no longer applicable, he is not entitled to visitation unless he initiates another proceeding in Family Court alleging a change in circumstances.

We conclude that the father's release from state custody renders this appeal moot with respect to those parts of the order that provided for visitation and required the mother to send the father biweekly photographs and updates about the child, which provisions expressly applied only while the father was at Attica Correctional Facility and *"until his release from state custody"* (emphasis added) (*see Matter of Young v Espada*, 95 AD3d 1478, 1478 [2012]; *Matter of Miller v Miller*, 77 AD3d 1064, 1065 [2010], *lv dismissed and denied* 16 NY3d 737 [2011]; *Matter of Boore v Parks*, 63 AD3d 1307, 1307 [2009]; *Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]). Furthermore, the exception to the mootness doctrine does not apply, as "the issue of a child's visitation with an incarcerated parent is not a novel issue or one that typically evades review" (*Matter of Forsyth v Avery*, 263 AD2d 705, 706 [1999]). This order will not apply upon the father's return to state prison, and he, at this point, is not entitled to visitation until he requests it in a new petition (*see Matter of Dobrouch v Reed*, 61 AD3d 1288, 1289 [2009]), which will afford Family Court the opportunity to evaluate the child's best interests in light of the parties' current circumstances, taking into consideration whether and where the father is incarcerated and the child's recent diagnosis of autism (*see Matter of Granger v Misercola*, 21 NY3d 86, 92 [2013]; *Matter of Young v Espada*, 95 AD3d at 1478-1479; *Matter of Boore v Parks*, 63 AD3d at 1307-1308).

In contrast, the mother's appeal of that portion of Family Court's order requiring her to facilitate presenting the father's written communications to the child, through their respective attorneys, is not rendered moot by the father's release from state prison because that provision is not restricted to the duration of his state incarceration. On its merits, we agree with the mother's assertion that the provision of the order that effectively requires her to screen and then read—or facilitate the reading by another party of—the father's communications to the child, directly conflicts with the criminal court order of

protection, which commands that the father shall have "no contact" with the mother through *"mail,* telephone, e-mail, voicemail *or other means"* (emphases added) (*see Matter of Jennifer G. v Benjamin H.,* 84 AD3d 1433, 1435 [2011] [communication to protected person's brother-in-law disparaging protected person was willful violation of order of protection]; *Matter of Duane H. v Tina J.,* 66 AD3d 1148, 1149 [2009] [mother sent photograph with short message on it to protected child which constituted violation of order of protection]; *Matter of Eisele v Eisele,* 307 AD2d 412, 413 [2003] [one parent's use of the parties' children to initiate contact with the protected parent supported finding of willful violation of order of protection]). Significantly, the County Court order of protection did not exempt communications by the father relating to the child (who was born after that order was issued) or provide that it was subject to subsequent Family Court orders (*compare Matter of Brianna L. [Marie A.],* 103 AD3d 181, 187 [2012]; *Matter of Bronson v Bronson,* 37 AD3d 1036, 1036 [2007]).

Furthermore, Family Court does not have jurisdiction to countermand the provisions of a criminal court order of protection (*see Matter of Mary GG. v Alicia GG.,* 106 AD3d 1410, 1411 [2013]; *Matter of Brianna L. [Marie A.],* 103 AD3d at 188-189; *Matter of Secrist v Brown,* 83 AD3d 1399, 1400 [2011], *lv denied* 17 NY3d 706 [2011]). Considering that "an order of protection issued incident to a criminal proceeding is an ameliorative measure intended to safeguard the rights of victims" (*People v Nieves,* 2 NY3d 310, 316 [2004]), the criminal court order of protection would have to be modified, if deemed appropriate by County Court, before Family Court would be authorized to require the mother to accept, read or facilitate the reading of the father's communications to the child. This is true even if the communications are sent to her through their attorneys and are, ostensibly, addressed to the child. In reaching this conclusion, it bears emphasis that it was the father's own actions in assaulting the mother that resulted in the order of protection against him and his incarceration. Accordingly, in the absence of the father obtaining a modification of the order of protection in County Court, Family Court must ascertain whether there is a more suitable person that it could designate to screen and present the father's communications to the child (*see Matter of Mary GG. v Alicia GG.,* 106 AD3d at 1411).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the appeal from those parts of the order as provided for visitation with respondent in state prison and required petitioner to send respondent biweekly updates and photographs

is dismissed, as moot, without costs. Ordered that the remainder of the order is modified, on the law, without costs, by reversing so much thereof as directed petitioner to make sure that respondent's communications "are presented to the child"; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.