■ In the Matter of WENDY CLOUSE, Appellant, v JASON CLOUSE, Respondent. [973 NYS2d 409]—

Peters, P.J. Appeal from an order of the Family Court of Schoharie County (James, J.H.O.), entered June 22, 2012, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

---

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son born in 2001. Following the parties' separation in 2009, a California custody order was entered on consent awarding them joint legal custody of the child with physical custody to the father and reasonable visitation to the mother. The order also permitted the father to temporarily relocate to Michigan with the child. The child lived in Michigan with the father for one year, at which time he came to stay with the mother in New York. The parties disagree as to whether this was intended to be a visit or a permanent move.

During the child's stay in New York, the mother filed a family offense petition against the father based on his conduct during certain telephone conversations. As a result, Family Court, Otsego County, issued an ex parte temporary order of protection in favor of the mother and the child which remained in effect until June 2011, when the petition was dismissed after a hearing. Shortly after the conclusion of those court proceedings, the father returned to Michigan with the child without the foreknowledge of the mother. The mother thereafter commenced this proceeding seeking physical custody of the child. Family Court assumed jurisdiction and, following a fact-finding hearing, dismissed the petition. The mother appeals.

Family Court properly assumed jurisdiction over this proceeding. As California no longer had exclusive continuing jurisdiction over this matter (*see* 28 USC § 1738A [d]), New York could assume jurisdiction for the purpose of modifying the California order so long as it "[was] the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent . . . continues to live in this state" (Domestic Relations Law § 76 [1] [a]; *see* Domestic Relations Law § 76-b). "Home state" is defined as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]).

Here, there is no dispute that the child lived with the mother in New York for the six-month period prior to the commencement of this proceeding. While the father contends that Michigan is the child's home state, that the mother wrongfully retained the child in New York, and that the child's time here must therefore be considered a "temporary absence" from his home state (*see* Domestic Relations Law § 75-a [7]; *Matter of Joy v Kutzuk*, 99 AD3d 1049, 1050 [2012], *lv denied* 20 NY3d 856 [2013]), the record does not support such claim. It is

uncontested that the mother sent a one-way ticket to bring the child to New York and that, during the entire year the child lived with the mother, the father commenced no legal proceedings seeking the child's return or claiming that the mother was wrongfully withholding him. Thus, we cannot say that Family Court erred in exercising jurisdiction over this proceeding (*see Matter of Destiny EE. [Karen FF.]*, 90 AD3d 1437, 1440 [2011], *lv dismissed* 19 NY3d 856 [2012]; *compare Matter of Joy v Kutzuk*, 99 AD3d at 1050-1051; *Matter of Felty v Felty*, 66 AD3d 64, 70 [2009]).

We next address Family Court's dismissal of the mother's petition. A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child's best interests (*see Matter of Casarotti v Casarotti*, 107 AD3d 1336, 1337 [2013], *lv denied* 22 NY3d 852 [2013]; *Matter of Greene v Robarge*, 104 AD3d 1073, 1075 [2013]). Although Family Court failed to explicitly address whether the mother demonstrated a change in circumstances since entry of the California order, instead stating only that she "failed to meet her burden of proof" on the petition, we have the authority to independently review the record (*see Matter of Casarotti v Casarotti*, 107 AD3d at 1337; *Matter of Whitcomb v Seward*, 86 AD3d 741, 742 [2011]). Here, the evidence that the mother had been the child's primary caretaker and de facto custodian for nearly a year prior to the filing of the instant custody petition, and that the father did not take any steps to enforce his custodial rights during that time, constitutes a change in circumstances warranting a consideration of the child's best interests (*see Matter of Hetherton v Ogden*, 79 AD3d 1172, 1173-1174 [2010]; *Matter of Mingo v Belgrave*, 69 AD3d 859, 860 [2010]; *cf. Matter of Chittick v Farver*, 279 AD2d 673, 676 [2001]).

In evaluating whether a modification of physical custody would serve this child's best interests, factors to be considered include maintaining stability in his life, the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to guide and provide for his well-being, and the willingness of each parent to foster a relationship with the other parent (*see Matter of Bush v Bush*, 104 AD3d 1069, 1071 [2013]; *Matter of Melody M. v Robert M.*, 103 AD3d 932, 933 [2013], *lv denied* 21 NY3d 859 [2013]). Although the parties here both maintain a loving relationship with their son, the father has demonstrated an ability to provide

the child with greater stability. The mother moved twice during the approximate one-year period the child was living with her in New York, with one such move occurring just weeks before the end of the school year, resulting in an interruption of the child's schooling. Moreover, the mother has displayed an unwillingness to foster a relationship between the child and his father, as evidenced by her failure to inform the father when she and the child moved residences and her actions in obtaining an unwarranted order of protection that barred all contact between the father and the child for more than six months.

By contrast, when the child resided with the father, he consistently facilitated visits and communication between the child and the mother. Testimony adduced at the fact-finding hearing further established that the child has performed well in school while in the father's care, is active in sports and spends a great deal of time with his father, who has taken an active interest in his social and intellectual development. The child also regularly sees his paternal grandmother, shares a good relationship with the father's live-in girlfriend and her children, and has expressed a strong desire to live with his father. While we do not condone the father's conduct in taking the child back to Michigan without notifying the mother in advance, we also cannot ignore the fact that he had a valid order providing him with physical custody. Considering the totality of the circumstances and giving due deference to Family Court's determination that the father's testimony was more credible (*see Matter of Hayward v Campbell*, 104 AD3d 1000, 1001 [2013]; *Matter of Mahoney v Regan*, 100 AD3d 1237, 1238 [2012], *lv denied* 20 NY3d 859 [2013]), we find a sound and substantial basis for the conclusion that the existing physical custody arrangement remains in the child's best interests.

Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.