■ In the Matter of TARAH BREITENSTEIN, Respondent, v DO-
MINIC STONE, Appellant. [977 NYS2d 785]—

Stein, J. Appeal from an order of the Family Court of
Schenectady County (James, J.H.O.), entered January 23, 2012,
which granted petitioner's application, in a proceeding pursuant
to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to a June 2008 custody order, petitioner (hereinaf-
ter the mother) and respondent (hereinafter the father) shared
joint legal and physical custody of their child (born in 2002).
Following the father's incarceration in 2010 and shortly before
his relocation to a correctional facility out of state in 2011, the
mother commenced this modification proceeding seeking sole
physical and legal custody. After a trial, Family Court, among
other things, awarded the mother sole legal and physical
custody, provided the father with the right to access the child's
medical and educational information and directed that the
father have at least three visits per year with the child while he
was incarcerated, as well as unlimited and liberal telephone and
email access. The father now appeals, and we affirm.

Initially, the father's challenge to that part of Family Court's
order that established visitation while he was incarcerated is
rendered moot because the father has since been released from
federal prison (*see Matter of Samantha WW. v Gerald XX.*, 107
AD3d 1313, 1315 [2013]; *Matter of Miller v Miller*, 77 AD3d
1064, 1065 [2010], *lv dismissed and denied* 16 NY3d 737 [2011]).
However, inasmuch as the father's appeal from that portion of
the order that awarded the mother sole custody is not restricted
to the duration of the father's incarceration, we reject the argu-
ment advanced by the mother and the attorney for the child
that the entire appeal should be dismissed as moot (*see Matter
of Samantha WW. v Gerald XX.*, 107 AD3d at 1315).

Turning to the merits, the mother bore the burden of demon-
strating a change in circumstances that reflects a genuine need
for modification of the existing custody order to insure the
continued best interests of the child (*see Matter of Clouse v
Clouse*, 110 AD3d 1181, 1183 [2013]; *Matter of Casarotti v
Casarotti*, 107 AD3d 1336, 1337 [2013], *lv denied* 22 NY3d 852
[2013]). Although Family Court did not explicitly articulate the
facts on which it relied in reaching its decision, the record is
sufficient for this Court to determine if modification of the prior

custody order was warranted (*see Matter of Clouse v Clouse*, 110 AD3d at 1183). Based upon our independent review of the record, we find that the father's incarceration constituted a change in circumstances that reflected a real need for modification of the custody order (*see Matter of Susan A. v Ibrahim A.*, 96 AD3d 439, 439 [2012]; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 831 [2004]).

We next address the question of what custodial arrangement is in the child's best interests. Initially, we note the absence of anything in the record to indicate that, but for the father's incarceration, joint custody would not have continued to be appropriate. Nonetheless, the father's incarceration presented logistical restrictions on the parties' ability to effectively and efficiently communicate with each other, rendered shared physical custody impossible and generally created limitations on the father's ability to fulfill his obligations as a custodial parent (*see Matter of Depuy-Wade v Wade*, 298 AD2d 655, 656 [2002]). In this regard, the mother testified that, while the father was incarcerated, she made all of the decisions regarding the child and the father did not initiate any contact with her about the child. Notwithstanding the father's testimony that he had liberal access to a telephone and email, the mother was unaware that she could call him and testified that it normally took him at least one day to respond to her emails. Additionally, the father acknowledged that the mother could not reach him while he was at work five days a week for several hours each day and that he had, at times, exhausted his monthly allotted telephone time. Further, the father was unable to identify the child's medical provider or teacher, which reflected his limited involvement in the child's daily life. After considering the appropriate factors relevant to custody determinations (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]) and according deference to Family Court's ability to observe the witnesses and assess their credibility (*see Matter of Festa v Dempsey*, 110 AD3d 1162, 1163 [2013]), we find a sound and substantial basis for that court's determination that an award of sole physical and legal custody to the mother was in the child's best interests (*see Matter of Greene v Robarge*, 104 AD3d 1073, 1075-1076 [2013]; *Matter of Joseph G. v Winifred G.*, 104 AD3d 1067, 1068-1069 [2013], *lv denied* 21 NY3d 858 [2013]; *Matter of Bush v Bush*, 104 AD3d 1069, 1071-1072 [2013]) and we discern no basis to disturb it.*

Finally, under the circumstances here, and considering the in-

---

* We note that the mother's petition, which led to the order currently on appeal, only sought sole physical and legal custody for the time period that the father was incarcerated and until he was "home and back on his feet." After

formation available to Family Court, as well as the concerns of the mother, the court properly exercised its discretion in declining to conduct an in camera interview with the child (*see Matter of VanBuren v Assenza*, 110 AD3d 1284, 1285 [2013]; *Matter of DeRuzzio v Ruggles*, 88 AD3d 1091, 1091-1092 [2011]). To the extent not specifically addressed herein, the father's remaining contentions have been reviewed and found to be without merit.

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

his release from prison, the father filed a petition seeking to modify the existing order, which is currently pending in Family Court. Inasmuch as our decision herein merely addresses the custodial arrangement found to be in the child's best interests during the father's incarceration, it is not determinative as to the father's pending petition.