Rose, J.
Appeals from two orders of the Family Court of Cortland County (Ames, J.), entered September 21, 2011, which granted petitioner’s applications, in four proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Jessica U. (hereinafter the mother) is the mother of Brandon R. (born in 1998) and Savannah U. (born in 2009). Respondent James U. (hereinafter the father) is the father of Savannah and, at the time of the events alleged in the petitions in these proceedings, he was a person responsible for the care of Brandon.* When a search warrant based upon information that respondents were involved in narcotic trafficking was executed at their residence, marihuana, drug paraphernalia and numerous hydrocodene, clonidine and oxycontin pills were found. The father was then arrested and charged with criminal possession of a controlled substance in the third degree and endangering the welfare of a child, and petitioner commenced these proceedings seeking to have the children adjudicated as neglected. Family Court held a fact-finding hearing and concluded that the children were neglected. Respondents then consented to a dispositional order, and they now appeal the finding of neglect.
We affirm. Contrary to respondents’ contention, the fact that the children were not present when the search warrant was executed does not require a different result in light of the drugs found in areas accessible to the children, the father’s admissions that he sold drugs from the home and the admissions of regular drug use by both respondents. “Actual injury or impairment need not be found, as long as a preponderance of the evi *1029 dence establishes that the [children are] in imminent danger of either injury or impairment” (Matter of Catherine KK., 280 AD2d 732, 734 [2001] [internal quotation marks and citation omitted]; see Matter of Jared M. [Ernesto C.], 99 AD3d 474, 475 [2012]). While the father relies on evidence that he was participating in a rehabilitation program as proof that his drug use was not evidence of neglect, the record also shows that he had tested positive for an illegal substance while in treatment and that his participation was not truly voluntary because he entered the program only after he was arrested for selling drugs (see Matter of Amber DD., 26 AD3d 689, 690 [2006]; see also Matter of Keira O., 44 AD3d 668, 670-671 [2007]).
In addition to the drugs found in the home and respondents’ admitted use of drugs, there was evidence that while respondents were living in North Carolina, another child of theirs (born in 2006) was removed from their custody shortly after birth and determined to be neglected. That determination was based on the mother and child testing positive for cocaine, the mother’s use of marihuana, the abuse of prescription drugs and cocaine by both respondents and their acts of domestic violence in the presence of that child. When respondents failed to visit the child, continued to use drugs, did not complete any drug treatment program and then moved to New York before the completion of the proceedings, the North Carolina court found that they had neglected and abandoned their child. This evidence was admissible on the issue of respondents’ neglect of the two children who are the subject of this proceeding (see Family Ct Act § 1046 [a] [i]; Matter of Shannen AA. [Melissa BB.], 80 AD3d 906, 909 [2011], lv denied 16 NY3d 709 [2011]; Matter of Christopher O., 211 AD2d 980, 981 [1995]).
Accordingly, we find a sound and substantial basis in the record to support Family Court’s determination that these children were in imminent danger based on the sale of drugs from the home and respondents’ continued drug abuse (see Matter of Sarah A. [Daniel A.], 109 AD3d 467, 467 [2013]; Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907 [2012]; Matter of Ciara Z., 58 AD3d 915, 918 [2009]). We have considered respondents’ remaining contentions and find them to be without merit.
Peters, EJ., Lahtinen and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

 Respondents were married after the petitions in these proceedings were filed.