Matter of Justin M. v Valencia N. (2019 NY Slip Op 07453)





Matter of Justin M. v Valencia N.


2019 NY Slip Op 07453


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

526331

[*1]In the Matter of Justin M., Appellant,
v
Valencia N., Respondent.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Adam W. Toraya, Albany, for appellant.
Craig S. Leeds, Albany, for respondent.
Sandra M. Colatosti, Albany, attorney for the child.



Devine, J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered December 12, 2017, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the putative father) is currently imprisoned and purports to be the father of a child (born in 2010). The putative father commenced this proceeding seeking custody and/or parenting time with the child. He further disclosed that an order of protection had been issued in favor of respondent (hereinafter the mother). At the initial appearance on the petition, Family Court stated that the order of protection had been issued in a criminal matter and that it barred the putative father from having any direct or indirect contact with the mother. The mother then moved to dismiss the petition, arguing that the order of protection rendered the petition moot. Family Court agreed and granted the motion. The putative father appeals.
We reverse. The order of protection at issue — a copy of which is not in the record but the terms of which we take judicial notice — was issued prior to the child's birth and does not bar the putative father from having contact with the child. It is not, as a result, fatal to the putative father's petition (compare Matter of Pedro A. v Gloria A., 168 AD3d 1152, 1153 [2019], with Matter of Donnie HH. v Ashley II., 174 AD3d 988, 989 [2019]). Remittal is therefore required for Family Court to consider whether an order of filiation should be issued (see Family Ct Act § 564) and, if so, whether contact with the putative father would be in the best interests of the child and could be accomplished without contravening the terms of the order of protection (see Matter of Pedro A. v Gloria A., 168 AD3d at 1153-1154; Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1316 [2013]).
Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.