Matter of Michael EE. v David FF. (2019 NY Slip Op 07661)





Matter of Michael EE. v David FF.


2019 NY Slip Op 07661


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527392

[*1]In the Matter of Michael EE., Appellant,
v
David FF. et al., Respondents.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Karen A. Leahy, Cortland, for appellant.
Pomeroy, Armstrong & Casullo, LLP, Cortland (Donald C. Armstrong of counsel), for David FF. and another, respondents.
Cortland County Department of Social Services, Cortland (Stacy L. Banewicz of counsel), for Cortland County Department of Social Services, respondent.
Lisa A. Natoli, Norwich, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered August 10, 2018, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and Alezandra GG. (hereinafter the mother) are the parents of the subject child (born in 2011). Less than three months after the child was born, as a result of a neglect petition, the child was placed with the child's maternal great uncle and aunt, respondent David FF. (hereinafter the uncle) and respondent Wendy FF. (hereinafter the aunt). Further proceedings resulted in a change of custody from the uncle and the aunt. Subsequently, in September 2013, the uncle and the aunt petitioned for custody of the child and, following a fact-finding hearing, regained custody, with the father having visitation. In June 2016, the father was convicted of criminal possession of a controlled substance in the third degree, for which he received a six-year prison sentence. In October 2017, the father filed this modification petition requesting visits, phone calls and the ability to send and receive letters and photographs while in prison. Following a fact-finding hearing, Family Court determined that visitation in prison was inimical to the child's best interests, but provided that the father could send letters and have reasonable telephone contact with the child. The father appeals.
The father was released from incarceration during the pendency of this appeal. Inasmuch as his petition is both premised and dependent upon his incarceration, this appeal is moot, in its entirety, and must be dismissed (see Matter of Breitenstein v Stone, 112 AD3d 1157, 1157 [2013]; Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1315 [2013]; Matter of Miller v Miller, 77 AD3d 1064, 1065 [2010], lv dismissed and denied, 16 NY3d 737 [2011]).
Lynch, J.P., Clark and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.