Matter of Robert B. (Paula C.--Tinker A.) (2020 NY Slip Op 01408)





Matter of Robert B. (Paula C.--Tinker A.)


2020 NY Slip Op 01408


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

523472 523608 524678 525086 525882 526118 526975 528055 528174

[*1]In the Matter of Robert B., and Another, Alleged to be Abused and Neglected Children. Sullivan County Department of Social Services, Respondent; Paula C., Respondent. Tinker A., Appellant. (Proceeding No. 1.)

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Sullivan County Department of Family Services, Monticello (Constantina Hart of counsel), for Sullivan County Department of Social Services, respondent.
Marcia Heller, Rock Hill, attorney for the child.



Lynch, J.
Appeals (1) from an order of the Family Court of Sullivan County (McGuire, J.), entered July 19, 2016, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected, (2) from six orders of said court, entered March 2, 2017, May 16, 2017, October 19, 2017, March 26, 2018, May 8, 2018 and November 27, 2018, which, among other things, in proceeding No. 1 pursuant to Family Ct Act articles 10 and 10-A, continued the permanency goals, (3) from an order of said court, entered August 23, 2016, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for an order of visitation, and (4) from an order of said court, entered December 17, 2018, which granted petitioner's application, in proceeding No. 3 pursuant to Social Services Law § 384-b, to adjudicate Lucinda A. to be permanently neglected, and terminated respondent's parental rights.
Tinker A. (hereinafter the father) and respondent Paula C. (hereinafter the mother) are the biological parents of Lucinda A. (born in 2009; hereinafter the daughter). The mother also has a son, Robert B. (born in 2001; hereinafter the oldest child). In October 2015, after the father was arrested for encouraging sexual conduct between the mother and the oldest child and engaging in such conduct himself, petitioner Sullivan County Department of Social Services (hereinafter DSS) filed two separate petitions for temporary removal of the children against the father and the mother alleging abuse and neglect of the children.[FN1] Family Court issued two orders of protection prohibiting the father from having any contact with the children in force through the end of 2015. The court then issued an amended order on application for temporary removal granting continued removal of the children and extended the orders of protection in favor of both children until March 31, 2016.
In early April 2016, the father filed a petition for visitation with the daughter. A few days later, the father was criminally charged by indictment with various crimes, including rape and incest, which stemmed from his inappropriate sexual conduct with the members of his family, including the oldest child. In connection with the charges, a criminal order of protection was entered in County Court (McGuire, J.) against the father in favor of the mother and the children in effect through the end of 2016. In July 2016, Family Court entered an order of disposition and permanency hearing against the mother, ordering, among other things, the daughter to be placed in the custody of DSS. In August 2016, the court dismissed the father's visitation petition due to the criminal order of protection. As to the father's criminal charges, in September 2016, he pleaded guilty to rape in the second degree and criminal sexual act in the second degree and, in December 2016, was sentenced to a total prison term of 10 years. In accord with the plea agreement, a criminal order of protection was entered against the father in favor of the mother and the children in effect until December 16, 2040.
Thereafter, Family Court held a series of permanency hearings. Following the first permanency hearing, in March 2017, the court entered an order that continued temporary removal of the daughter, but precluded visitation between the parents and the daughter due to the criminal order of protection. After the ensuing permanency hearings, by orders entered in May 2017, October 2017, March 2018, May 2018 and November 2018, the court approved and continued the permanency goal of adoption for the daughter and similarly stated that there shall be no visitation due to the criminal order of protection. In the meantime, DSS filed a petition for permanent neglect of the daughter against the father alleging that the father had failed to plan for the future of the daughter and that the daughter should be freed for adoption. After a fact-finding hearing, in December 2018, the court entered an order of disposition finding that the father had permanently neglected the daughter and freed her for adoption.[FN2] The father appeals the July 2016 order of disposition and permanency hearing entered against the mother, the August 2016 order dismissing his visitation petition, the March 2017, May 2017, October 2017, March 2018, May 2018 and November 2018 permanency hearing orders and the December 2018 dispositional order.[FN3]
Initially, the father's appeals from the orders entered from July 2016 through November 2018 have been rendered moot by the December 2018 dispositional order that terminated his parental rights and freed the daughter for adoption (see Matter of King H. [Shaquille H.], 178 AD3d 1305, 1306 [2019]; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045 [2019]; Matter of Jaxsin L. [Heather L.], 124 AD3d 1398, 1399 [2015]; Matter of Charles K. v Jessica J., 90 AD3d 1183, 1184 [2011], lv denied 18 NY3d 809 [2012]).
In his brief, the father acknowledges that Family Court lacks "jurisdiction to countermand the provisions of a criminal court order of protection" (Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1316 [2013]). Correspondingly, any modifications to an order of protection issued by County Court would have to come from that court (id.). The nuance here, however, is that the same judge presided over both Family Court and County Court proceedings. In this circumstance, the father contends that Family Court was the proper forum to address the best interests of the child and whether an order of protection should have been issued in her favor. The father contends that Family Court's failure to do so effectively deprived him of due process and precluded him from having any contact with the daughter, leading to the termination of his parental rights. For this reason, the father maintains that the December 2018 dispositional order should be vacated and his visitation petition restored. We are not persuaded. In our view, County Court was fully authorized to issue an order of protection in the criminal action, and any challenge to the validity of that order should have been raised before County Court (see People v Nieves, 2 NY3d 310, 315 [2004]; Matter of Utter v Usher, 150 AD3d 863, 864 [2017]). In addition, the father actually agreed to the criminal order of protection through 2040. He also failed to plan for the future of the daughter despite being given updates as to her status during his incarceration. In light of the foregoing, we find that Family Court properly terminated the father's parental rights and freed the daughter for adoption (see Matter of Walter DD. [Walter TT.], 152 AD3d 896, 898 [2017], lv denied 30 NY3d 905 [2017]; Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 900-901 [2016]).
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals from the orders entered July 19, 2016, August 23, 2016, March 2, 2017, May 16, 2017, October 19, 2017, March 26, 2018, May 8, 2018 and November 27, 2018 are dismissed, as moot, without costs.
ORDERED that the order entered December 17, 2018 is affirmed, without costs.



Footnotes

Footnote 1: The abuse petition against the father was subsequently withdrawn and dismissed.

Footnote 2: The mother had surrendered her parental rights to the daughter.

Footnote 3: We granted the father's motion to consolidate the appeals.