Matter of Alex H. v Aspyn L. (2021 NY Slip Op 00766)





Matter of Alex H. v Aspyn L.


2021 NY Slip Op 00766


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1219 CAF 20-00694

[*1]IN THE MATTER OF ALEX H., PETITIONER-RESPONDENT,
v
ASPYN L., RESPONDENT-APPELLANT.  EDWARD F. MURPHY, III, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






COLE & VALKENBURGH, P.C., BATH (MARK A. SCHLECHTER OF COUNSEL), FOR RESPONDENT-APPELLANT. 
EDWARD F. MURPHY III, HAMMONDSPORT, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
MATTHEW J. BUZZETTI, ELMIRA, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Steuben County (Patrick F. McAllister, A.J.), entered September 17, 2019 in a proceeding pursuant to Family Court Act article 5. The order determined petitioner to be the father of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father filed a paternity petition seeking a determination that he is the father of the subject child. Respondent mother filed an answer and asserted as an affirmative defense that the father is equitably estopped from asserting paternity. A hearing was held on whether the father's assertion of paternity was in the best interests of the child, at which the father, the paternal grandmother, the child's therapist, the mother's friend, and the mother testified. The mother and the Attorney for the Child both appeal from an order of filiation determining that the father is the father of the subject child.
Initially, neither the mother nor the Attorney for the Child (collectively, appellants) preserved for our review their contention that Family Court deprived them of a fair hearing by concluding the hearing during the mother's cross-examination. The appellants failed to object at the time the court indicated that it was prepared to rule on the paternity petition without the need for further evidence, and they waited until after an adverse determination was issued before claiming the need to present further evidence (see generally Matter of Serna v Jones, 178 AD3d 1447, 1447 [4th Dept 2019], lv denied 35 NY3d 902 [2020]). In any event, we conclude that the contention is without merit. "The scope of the examination of witnesses rests within the trial court's sound discretion" (Matter of Thomas C. [Jennifer C.], 81 AD3d 1301, 1302 [4th Dept 2011], lv denied 16 NY3d 712 [2011]), and the " 'trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when
necessary' " (Matter of Emily A. [Gina A.], 129 AD3d 1473, 1474 [4th Dept 2015]). Here, the appellants did not make an offer of proof regarding what the testimony of the remaining potential witness, i.e., the child's teacher, or any other allegedly unpresented testimony would have established with respect to the limited issue of equitable estoppel before the court. We therefore perceive no basis to conclude that the court abused its discretion by terminating the hearing.
Contrary to the mother's further contention, the court was not required to make its [*2]findings on that issue in writing (see CPLR 4213 [b]; Family Ct Act § 165 [a]), and the bench decision was sufficient to allow for effective appellate review (cf. Matter of Carmellah Z. [Casey V.] [appeal No. 2], 177 AD3d 1364, 1365 [4th Dept 2019]). The court stated in its bench decision that the evidence established that the father was in fact the child's biological father; there had been regular contact between the child and the father and his family for nine years; and the interruption in that contact appeared to be precipitated by the introduction of the father's girlfriend, at which point the mother ceased to encourage or facilitate the father-child relationship. Those facts are sufficient to support the court's determination that it was not in the best interests of the child to equitably estop the father from claiming paternity (see generally Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court