■ BERNARD GOLDSTEIN, Appellant, v JACK BLOCK et al., Respondents, et al., Defendants. [777 NYS2d 180]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated June 26, 2003, which granted the separate motions of the defendants Jack Block and Josephine Block and the defendant Dime Savings Bank of New York, FSB, which were, respectively, to strike the action from the trial calendar and to dismiss the complaint pursuant to CPLR 3404.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

By order entered November 30, 2000, this action was "marked off" the trial calendar upon consent of all the parties. Thereafter, by order dated December 4, 2001, the action was dismissed as abandoned since "[i]t ha[d] not been restored to the calendar within one year as required by CPLR 3404." Subsequently, as a result of ex parte contacts between the plaintiff's attorney and members of the Calendar Clerk's Office in Nassau County in

the summer and fall of 2002, the action was restored to the trial calendar in November 2002.

When an action has been stricken from the trial calendar and not restored within one year, a motion to vacate the automatic dismissal is required and the moving party must demonstrate the merits of the action, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmovant (*see Schwartz v Mandelbaum & Gluck*, 266 AD2d 273 [1999]). In this case, the plaintiff failed to make such a motion. Accordingly, the Supreme Court properly granted the defendants' motions. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.