■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT R. WHALEN, Appellant. [852 NYS2d 482]—

Cardona, P.J.

As a result of defendant's sexual relationship with one of his biological daughters, he was convicted in May 2002 of two counts of rape in the third degree, two counts of sodomy in the third degree and incest, and sentenced to a period of incarceration. In connection with that sentence, a permanent order of protection was entered pursuant to CPL 530.12 prohibiting defendant from contacting, among others, the victim and her "other and immediate family," until May 2013. Once incarcerated, defendant began corresponding with the victim's half sister, who is defendant's younger biological daughter by a different mother. That daughter, with the assistance of her mother, thereafter began visiting defendant in prison until correction officials became concerned that he was grooming her to be his next victim. Citing the order of protection, correction officials then denied defendant further contact with the victim's half sibling. Shortly thereafter, defendant brought a motion seeking to have the order of protection modified to allow such contact. County Court denied that motion and defendant appeals from the order entered thereon.

The instant appeal must be dismissed. As the Court of Appeals has noted, "a defendant's right to appeal within the criminal procedure universe is purely statutory" (*People v Stevens*, 91 NY2d 270, 278 [1998]) and, therefore, is "strictly limited" (*People v Bautista*, 7 NY3d 838, 839 [2006]). While "a permanent order of protection issued at the conclusion of a criminal action is appealable as part of the judgment of conviction"

(*People v Konieczny*, 2 NY3d 569, 572 [2004]; *see People v Nieves*, 2 NY3d 310, 315 [2004]; *see also* CPL 450.10),* the instant appeal involves a separate order denying a motion for modification made over four years after that judgment. Given that the subject order does not fit within the statutory authorization for appeals as of right to this Court contained within CPL 450.10, we conclude that it cannot be maintained.

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed.

---

* Although the Court of Appeals' decision in *People v Nieves* (*supra*) specifically considered permanent orders of protection for nonfamily members issued pursuant to CPL 530.13, we find no basis to conclude that its determination as to appealability would not also apply to orders of protection issued in favor of family members pursuant to CPL 530.12 (*see* Preiser, 2004 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 530.12, 2008 Cum Pocket Part, at 31).