■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA S. RUBEO, Appellant. [874 NYS2d 643]—

Mercure, J. Appeals (1) from an order of the County Court of Delaware County (Becker, J.), dated January 22, 2008, which

denied defendant's motion to withdraw her plea of guilty, and (2) from a judgment of said court, rendered February 11, 2008, convicting defendant upon her plea of guilty of two counts of the crime of criminal sale of marihuana in the fourth degree.

Defendant pleaded guilty to two counts of criminal sale of marihuana in the fourth degree in full satisfaction of a superior court information charging her with two counts of criminal sale of marihuana in the second degree. As a condition of the plea, defendant waived her right to appeal. At sentencing, she personally requested that County Court permit her to withdraw her plea of guilty, asserting that she had received ineffective assistance of counsel. The court then assigned new counsel and adjourned sentencing to allow defendant to prepare a formal motion to withdraw, which she thereafter filed. The court denied the motion and sentenced defendant, in accordance with the plea agreement, to a three-year term of probation and imposed a fine. The court also issued an order of protection prohibiting defendant from having any unsupervised contact with children under the age of 18 not related to her within six degrees of consanguinity. Defendant appeals from both the order denying her motion to withdraw her plea of guilty and the judgment of conviction.

Initially, we note that "[a]ppeals in criminal cases are strictly limited to those authorized by statute" (*People v Bautista*, 7 NY3d 838, 838-839 [2006]; *see People v Whalen*, 49 AD3d 916, 916 [2008], *lv denied* 10 NY3d 940 [2008]). Inasmuch as an order denying a motion to withdraw a guilty plea does not fall within the provisions of CPL article 450, defendant's appeal from the order denying her motion must be dismissed (*see People v Riley*, 25 AD2d 915, 916 [1966]). We note, however, that the merits of defendant's challenges to the denial of her motion are nevertheless reviewable upon her appeal from the judgment of conviction (*see* CPL 470.15 [1]).

Turning to the merits, defendant's challenges to the voluntariness of her plea survive her waiver of the right to appeal and were preserved for our review by her motion to withdraw the plea (*see e.g. People v Morrishaw*, 56 AD3d 895, 896 [2008]). That said, "[w]ithdrawal of a plea will not be permitted in the absence of 'some evidence or claim of innocence, fraud or mistake in its inducement' " (*People v Graham-Harrison*, 272 AD2d 780, 781 [2000] [citation omitted]; *see People v Griffin*, 4 AD3d 674, 675 [2004]).

Here, defendant asserts that she should have been permitted to withdraw her plea because she mistakenly believed that she was pleading guilty to two class B misdemeanor charges of crim-

inal sale of marihuana in the fifth degree. This argument is belied by the lengthy plea allocution, which reveals that County Court consistently informed defendant that she was pleading to criminal sale of marihuana in the fourth degree and expressly distinguished the crime from that defined in Penal Law § 221.35, i.e., criminal sale of marihuana in the fifth degree. While notations in the court clerk's minutes of the plea proceeding mislabeled the crime as a class B misdemeanor, those notations are not consistent with the transcript of the plea allocution itself. In any event, the intended disposition of three years of probation—to which defendant agreed—is not a permissible sentence for a class B misdemeanor conviction (see Penal Law § 65.00 [3]; *People v Neal*, 41 AD3d 971, 972 [2007]). Furthermore, defendant did not support her claim of mistake with any evidence beyond the clerk's minutes and transcript of the plea allocution—she did not, for example, submit a sworn statement on her own behalf or from her former defense counsel in connection with the motion to withdraw (see *People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Adams*, 31 AD3d 1063, 1065-1066 [2006], *lv denied* 7 NY3d 845 [2006]). Finally, we note that the order of protection was not part of the sentence imposed and, thus, County Court's issuance of that order does not entitle defendant to withdraw her plea (see *People v Hull*, 52 AD3d 962, 963-964 [2008]; *People v Dixon*, 16 AD3d 517, 517 [2005]; see also *People v Nieves*, 2 NY3d 310, 316 [2004]). Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's motion to withdraw her plea.

Defendant's remaining arguments are barred by her waiver of the right to appeal.

Cardona, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the appeal from the order dated January 22, 2008 is dismissed. Ordered that the judgment is affirmed.