■ In the Matter of ROBERT D. SECRIST, Appellant, v KRISTA BROWN, Respondent. [919 NYS2d 449]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered February 24, 2010 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition seeking visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father, who is incarcerated, appeals from an order dismissing his petition seeking visitation with the parties' children without a hearing. Although generally " '[a] determination of the [children's] best interests should only be made after a full evidentiary hearing,' " no such hearing is required where " 'there is sufficient information before the court to enable it to undertake an independent comprehensive review of the [children's] best interests' " (*Matter of Mills v Sweeting*, 278 AD2d 943, 944 [2000]). Here, the father was incarcerated for killing respondent mother's boyfriend, and the Attorney for the Child informed Family Court at the initial appearance that there was an order of protection in effect prohibiting the father from having contact with his children for a period of 100 years. The father was represented by counsel, who did not dispute the existence of the order of protection. Under the circumstances of this case, we conclude that the court properly dismissed the father's visitation petition without a hearing (*see Matter of Amir J.-L.*, 57 AD3d 669 [2008], *lv dismissed* 12 NY3d 905 [2009], *rearg denied* 13 NY3d 769 [2009]). We reject the father's contention that he was denied effective assistance of counsel (*see generally Matter of Amanda T.*, 4 AD3d 846 [2004]). In light of the order of protection, there was nothing counsel could have done to obtain visitation for the father unless the order of protection was vacated or modified in criminal court. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.