[956 NYS2d 518]

In the Matter of BRIANNA L., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIE A., Appellant. (Proceeding No. 1.)

In the Matter of ELIJAH L., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIE A., Appellant. (Proceeding No. 2.)

Second Department, December 26, 2012

APPEARANCES OF COUNSEL

*Steven Banks,* New York City (*Tamara A. Steckler* and *Claire V. Merkine* of counsel), Attorney for the Children, Briana L. and another, appellants.

*Matthew Wolf,* Jamaica (*Proskauer Rose, LLP* [*Erika Stallings* and *Margaret Dale* of counsel]), for respondent-appellant.

## OPINION OF THE COURT

LEVENTHAL, J.

The novel issue we address on this appeal is whether a Criminal Court order of protection which bars contact between a

parent and a child, but includes a provision stating that it is subject to subsequent Family Court orders of custody and visitation, permits the Family Court to release the child to the custody of that parent. For the reasons discussed below, we hold that a Criminal Court order of protection which includes such a provision permits the Family Court to release the child to the custody of that parent where, as here, it determines that such release would be in the best interests of the child.

In December 2011, the mother was arrested and later charged with, inter alia, assault in the second degree for allegedly beating her son Elijah L., who was then six years old. Thereafter, the Administration for Children's Services (hereinafter ACS) commenced these neglect proceedings against the mother, alleging that she had neglected Elijah by inflicting excessive corporal punishment on him and, as a result, had derivatively neglected her daughter, Brianna L., who was then eight years old.

On February 14, 2012, in Criminal Court, Queens County, the mother entered a plea of guilty to endangering the welfare of a child, and was sentenced to a conditional discharge, with the requirement that she complete ACS's service plan, which included completion of a parenting skills course and an anger management program. A final order of protection (hereinafter the order of protection) was issued by the Criminal Court, barring the mother from any contact with Elijah until February 13, 2017.

On March 12, 2012, in these neglect proceedings, the mother consented to the jurisdiction of the Family Court pursuant to Family Court Act § 1051 (a), and a finding of neglect was entered with respect to the subject children. At a dispositional hearing which commenced on April 23, 2012, ACS provided the Family Court with an investigation and report (hereinafter the I&R). The I&R stated that the mother had cooperated with all services, completed a parenting skills course and an anger management program, and "was capable of caring for the children." The matter was adjourned to allow the parties to seek an amendment of the order of protection.

On May 8, 2012, during the continued dispositional hearing, the parties presented the Family Court with an amended order of protection (hereinafter the amended order of protection) dated May 7, 2012. Although the amended order of protection continued to bar the mother from having any contact with Elijah, it included the words "Subject to Family Court."

In response, the Family Court stated that, since the Criminal Court had issued a "full stay away order of protection," it was

"the Criminal Court's intention" that the mother could not have unsupervised contact with Elijah until 2017. ACS recommended releasing Elijah to his father, and releasing Brianna to the mother. However, the attorney for the children objected to limiting the mother's contact with Elijah to supervised visitation and advocated against separating the children. In addition, the attorney for the children stated "perhaps we do need the clarification . . . of what exactly . . . the language in the Criminal Court order of protection is saying, [what] 'subject to Family Court' actually means."

In a decision dated May 21, 2012, the Family Court stated that the phrase, " 'Subject to Family Court' as handwritten onto the [amended order of protection] is shorthand for 'subject to subsequent Family Court orders of custody and visitation' " (*Matter of B.L. [M.A.]*, 36 Misc 3d 578, 582 [2012]). However, the Family Court concluded that the language " 'subject to subsequent Family Court orders of custody and visitation' " did not give the court "jurisdiction to, in essence, overrule the Criminal Court, and return custody of the protected party to the [mother]" (*id*. at 582). Relying upon *Little v Massari* (526 F Supp 2d 371 [ED NY 2007]), the Family Court held that it could only impose additional prohibitions against the mother, not less. The Family Court suggested that the parties return to Criminal Court to ask for another amended order of protection, deleting the "stay-away" provisions barring the mother from having any contact with Elijah.

Although the Family Court found that it served the best interests of the children to return them to their mother, it determined that such a disposition was precluded by the amended order of protection and, therefore, Elijah had to be released to the father. The court further found that, since it was not in the best interests of the children to separate them, both children should be released to the father. The decision indicated that the court would grant the mother visitation with Brianna, supervised or unsupervised, in ACS's discretion, and that the mother's contact with Elijah was to be limited to supervised visitation (*Matter of B.L. [M.A.]*, 36 Misc 3d at 582).

In an order of disposition dated May 22, 2012, the Family Court, inter alia, released the subject children to the custody of their father, limited the mother's contact with Elijah to supervised visitation, and prohibited any unsupervised or overnight visitation between the mother and Elijah. The children and the mother (hereinafter together the appellants)

separately appeal and argue that, by making the amended order of protection "Subject to Family Court," the Criminal Court expressly permitted the Family Court to issue orders it deemed appropriate, including releasing Elijah to the custody of the mother. The appellants contend that the children should be released to the custody of the mother or, in the alternative, the matter should be remitted to the Family Court for a new determination based upon the best interests of the children.

In August 2012, after the parties filed their respective notices of appeal, the mother moved to modify the order of disposition in order to transfer custody of the subject children from the father to her. In support of her motion, she submitted a second amended order of protection from the Criminal Court. The second amended order of protection, dated August 9, 2012, deleted all of the problematic stay-away provisions. In addition, in lieu of the handwritten notation "Subject to Family Court," the second amended order of protection contained the following provision: "Subject to all subsequent Family Court orders of visitation and custody defendant must observe for the purposes of protection." By letters dated September 6, 2012, and September 14, 2012, the appellants informed this Court that, on September 5, 2012, the Family Court, in effect, modified the order of disposition so as to release the children to the custody of the mother. The appellants acknowledge that the release of the children to their mother has rendered their appeals academic. However, they request this Court to decide the issue of whether the words "Subject to Family Court" in a Criminal Court order of protection barring all contact between a parent and a child authorizes the Family Court to release the child to the custody of that parent, pursuant to the exception to the mootness doctrine, on the ground that it is a recurring issue of public importance typically evading review.

As an initial matter, it is necessary to address whether this appeal became moot after the Criminal Court issued the second amended order of protection dated August 9, 2012. Generally, courts are precluded "from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Typically, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (id. at 714).

■ The appellants correctly acknowledge that the issuance of the second amended order of protection in the Criminal Court

proceeding, which eliminated the stay-away provisions barring contact between the mother and Elijah, renders this appeal academic. Nevertheless, we agree that under the circumstances of this case, the exception to the mootness doctrine applies because the effect of a provision in a Criminal Court order of protection indicating that the order is subject to subsequent Family Court orders of custody and visitation is an important issue that is likely to recur and which may typically evade our review (*see e.g. People ex rel. McManus v Horn*, 18 NY3d 660, 663-664 [2012]; *City of New York v Maul*, 14 NY3d 499, 507 [2010]; *Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Matter of Lucinda R. [Tabitha L.]*, 85 AD3d 78, 83-84 [2011]; *Matter of William C.*, 64 AD3d 277, 282 [2009]). Therefore, the appeal will not be dismissed.

The Criminal Procedure Law provides the Criminal Court with the power to issue orders of protection in family offense matters and to include various conditions in such orders of protection (*see* CPL 530.12 [5]). Included within this power is the authority to permit a parent to visit with a child (*see* CPL 530.12 [5] [b]). The issuance of an order of protection "incident to a criminal proceeding is an ameliorative measure intended to safeguard the rights of victims . . . both prior to and after conviction" (*People v Nieves*, 2 NY3d 310, 316 [2004]).

Generally, if a Criminal Court order of protection bars all contact between a parent and a child, the parent may not obtain custody or visitation unless the order of protection is vacated or modified in the Criminal Court (*see Matter of Secrist v Brown*, 83 AD3d 1399, 1400 [2011]). The Criminal Court also has the authority to modify its orders of protection (*see People v Nieves*, 2 NY3d at 317; *People v Zacher*, 31 Misc 3d 1218[A], 2011 NY Slip Op 50721[U] [2011]). The Criminal Court has authority to determine whether its order of protection will be subject to Family Court orders, and can decline to amend an order of protection to so provide (*see Matter of Marqekah B.*, 16 Misc 3d 1109[A], 2007 NY Slip Op 51361[U] [2007], *affd* 63 AD3d 1057 [2009]).

The instant appeal involves two related neglect proceedings pursuant to Family Court Act article 10. Article 10, entitled "Child Protective Proceedings," is designed to "help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" and provides "due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on

behalf of a child so that his [or her] needs are properly met" (Family Ct Act § 1011). "The orientation of Family Court is rehabilitative, directed at protecting the vulnerable child, as distinct from the penal nature of a criminal action which aims to assess blame for a wrongful act and punish the offender" (*People v Roselle*, 84 NY2d 350, 355 [1994]). Following a determination that a parent has neglected or abused a child, "[t]he Family Court Act directs that a dispositional hearing be held as a condition precedent to the entry of a dispositional order such as [an] order of protection" (*Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 183 [1994]). A dispositional hearing is required so as to permit the Family Court to make an informed determination, from amongst the dispositional alternatives, which is consistent with the best interests of the subject child or children (*see id.*). The dispositional alternatives available to the Family Court include, but are not limited to, suspending judgment, releasing a child to the custody of his or her parent or parents, placing a child with a relative or the local commissioner of social services, placing a respondent under supervision, or issuing an order of protection (*see* Family Ct Act §§ 1052, 1053, 1054, 1055, 1055-b, 1056, 1057). As pertinent here, a Family Court order of protection issued against a child's parent shall expire no later than the expiration date of any other orders of the court (*see* Family Ct Act § 1056 [1], [4]).*

■ Against this backdrop, the appellants ask this Court to resolve the question of whether the words "Subject to Family Court" in a Criminal Court order of protection barring contact between a parent and a child permit the Family Court to vary from the terms of that order by releasing the child to the custody of that parent. For the following reasons, we are convinced that this question should be answered in the affirmative.

The Family Court is uniquely situated to issue orders that are consistent with the best interests of the children before it. For example, pursuant to Family Court Act § 1038, the Family Court can, upon a motion by a respondent or a child's attorney, direct that a child who is the subject of a proceeding under this article be made available for examination by a physician, psychologist, or social worker. Where the Family Court releases a child to the

---

* Court-ordered supervision conducted by ACS may be imposed for a maximum of 12 months (*see* Family Ct Act §§ 1052 [a] [v]; 1057), effectively limiting the duration of a Family Court order of protection against a parent to no more than 12 months (*see Matter of Sheena D.*, 8 NY3d 136 [2007]).

custody of a person following disposition, the court is authorized to place that person under the supervision of, among others, a child protective agency, with various conditions (see Family Ct Act § 1054). Such supervision can last for an initial period of no more than one year and, after a hearing, can be extended (see Family Ct Act § 1054 [b]). The Family Court is further authorized to review allegations that a person who has been placed under supervision has violated the conditions of supervision (see Family Ct Act § 1072). In this manner, the Family Court utilizes ACS's mandate, which is to prevent abused and maltreated children from suffering further injury and impairment, investigate such reports of suspected child abuse and maltreatment swiftly and competently, and provide protection for the child or children from further abuse or maltreatment (see Social Services Law § 411).

Notably, in these proceedings, counsel was appointed for the children (see generally Family Ct Act §§ 1016, 1033-b [1] [a]) and, as a result, the Family Court was apprised of the children's positions on the issues of, inter alia, custody and visitation. In contrast, Elijah was unrepresented in the criminal proceeding. Furthermore, the record demonstrates that the mother was referred to services which included a parenting skills course and an anger management program. In the I&R, the court was provided with such relevant information as the outcome of ACS's interviews with the mother and the children, a report of ACS's visit to the mother's home to determine whether it was an appropriate environment for the children, and the interactions between the mother and the children during court-ordered visitation.

For these reasons, it is clear that it is the Family Court, not the Criminal Court, which is both empowered and best suited, following a dispositional hearing in a child protective proceeding, to select the dispositional alternative which is most consistent with the best interests of the children before it. The Family Court has the unique resources to effectuate and determine the best interests of the children, and its authority to do so should not be circumscribed by a Criminal Court order of protection which expressly contemplates future amendment of its terms by a subsequent Family Court order pertaining to custody and visitation. Accordingly, we hold that where, as here, a Criminal Court order of protection barring contact between a parent and a child includes a provision indicating that the order is subject to subsequent Family Court orders of custody and visitation,

the Family Court is permitted to release the child to the custody of that parent.

We note that, in reaching its contrary determination, the Family Court relied on *Little v Massari* (526 F Supp 2d 371 [ED NY 2007]), an action to recover damages for false arrest. In *Little,* the defendant police officer was awarded summary judgment on the ground that his conduct in arresting the plaintiff for violation of a Criminal Court order of protection was reasonable, based upon its provisions and the complainant's sworn statement. The United States District Court for the Eastern District of New York determined that the provision of the Criminal Court order of protection which stated that there were " '[s]pecific conditions that defendant must observe,' " and which were " 'subject to' " Family Court orders, did not vitiate the officer's probable cause, since the word "subject to" implied that there "might be more prohibitions imposed on plaintiff by the Family Court—conditions that plaintiff 'must observe'—not less" (*id.* at 375-376). The federal court further noted that the officer had no knowledge of the terms of the relevant Family Court orders, and was not obligated to investigate whether there were Family Court orders which contradicted the terms of the Criminal Court order of protection.

The Family Court's reliance upon *Little* was misplaced. *Little* expressed no opinion as to the authority of the Family Court, which was not an issue before the federal court. In any event, the federal court was without authority to rule on the question presented in this case. Thus, we are not persuaded that *Little* requires a different result.

Accordingly, the order of disposition is reversed, on the law.

SKELOS, J.P., FLORIO and HALL, JJ., concur.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements.