■ In the Matter of RIHANA J.H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; QUIANNA J., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KADEN J.M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; QUIANNA J., Appellant, et al., Respondent. (Proceeding No. 2.) [47 NYS3d 404]—

Appeal from an order of the Family Court, Kings County (Lillian Wan, J.), dated May 4, 2016. The order, insofar as appealed from, denied the mother's motion, in effect, for visitation with the child Kaden J. M. supervised by the maternal grandmother, and, in effect, modified a prior order of that court dated March 16, 2016, by vacating a provision authorizing the maternal grandmother to supervise visitation between the mother and Kaden J.M.

Ordered that the order dated May 4, 2016, is affirmed insofar as appealed from, without costs or disbursements.

In January 2016, the Administration for Children's Services (hereinafter ACS) filed a petition in the Family Court, Kings County, pursuant to Family Court Act article 10 alleging that the mother had abused the child Kaden J.M. Kaden was removed from the custody of the mother, and in a temporary order of protection dated February 1, 2016, the Family Court directed the mother to stay away from Kaden, "except for visits supervised by [ACS] or an ACS approved resource." Criminal charges were also filed against the mother, and on February 2, 2016, the New York City Criminal Court, Kings County, issued a temporary order of protection directing the mother to stay away from Kaden. The order specified that it was subject to any subsequent order of the Family Court as to custody and visitation. In an order dated March 16, 2016, the Family Court authorized the maternal grandmother to supervise visitation between Kaden and the mother, and the mother began visits with Kaden supervised by the maternal grandmother.

On April 1, 2016, the mother was arraigned in the Supreme Court, Kings County, and that court issued a temporary order of protection which provided that the mother "shall be entitled to visitation with [Kaden] through agency approved supervised visits other than kinship visitation." The Supreme Court's April 1, 2016, temporary order of protection did not state that it was subject to any subsequent order of the Family Court as to custody and visitation. The mother then moved in the Family Court, in effect, for an order awarding her visitation with Kaden supervised by the maternal grandmother. In an order

dated May 4, 2016, the Family Court, inter alia, denied the mother's motion, and, in effect, modified the order dated March 16, 2016, by vacating the provision authorizing the maternal grandmother to supervise visitation between the mother and Kaden.

As a general rule, the "Family Court does not have jurisdiction to countermand the provisions of a criminal court order of protection" (*Matter of Samantha WW. v Gerald XX.*, 107 AD3d 1313, 1316 [2013]). Thus, where a criminal court order of protection bars contact between a parent and child, the parent may not obtain visitation until the order of protection is vacated or modified by the criminal court (*see Matter of Brianna L. [Marie A.]*, 103 AD3d 181, 186 [2012]; *Matter of Secrist v Brown*, 83 AD3d 1399, 1400 [2011]). However, the criminal court has authority to determine whether its order of protection is "subject to" subsequent Family Court orders, and where the criminal court order of protection "expressly contemplates future amendment of its terms by a subsequent Family Court order pertaining to custody and visitation," the Family Court is not precluded from granting custody or visitation by the terms of the order of protection (*Matter of Brianna L. [Marie A.]*, 103 AD3d at 188). Here, since the Supreme Court's temporary order of protection dated April 1, 2016, did not state that it was "subject to" subsequent Family Court orders, the Family Court had no basis to permit "kinship visitation" supervised by the maternal grandmother. Accordingly, the Family Court properly denied the mother's motion without a hearing (*see Matter of Colon v Sawyer*, 107 AD3d 794 [2013]; *Matter of Mary GG. v Alicia GG.*, 106 AD3d 1410, 1412 [2013]; *Matter of Secrist v Brown*, 83 AD3d at 1400; *Matter of Amir J.-L.*, 57 AD3d 669 [2008]).

For the same reason, the Family Court also did not err in, in effect, modifying the order dated March 16, 2016, so as to conform it to the terms of the temporary order of protection dated April 1, 2016. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.