■ In the Matter of Lori L. Utter, Respondent, v Thomas J. Usher III, Appellant. (Matter No. 1.) The People of the State of New York, Respondent, v Thomas J. Usher III, Appellant. (Matter No. 2.) In the Matter of Zachary U. Dutchess County Department of Community and Family Services, Respondent; Thomas J. Usher III, Appellant. (Matter No. 3.) In the Matter of Kady U. Dutchess County Department of Community and Family Services, Respondent; Thomas J. Usher III, Appellant. (Matter No. 4.) [55 NYS3d 71]—

Appeal by Thomas J. Usher III from an order of the Supreme Court, Dutchess County (IDV part) (Joan S. Posner, J.), dated February 9, 2016. The order, without a hearing, denied the motion of Thomas J. Usher III to modify an order of protection of that court dated April 15, 2014, an order of protection of that court dated September 3, 2014, and an order of custody and visitation of that court dated September 3, 2014.

Ordered that the appeal from so much of the order dated February 9, 2016, as denied that branch of the motion of Thomas J. Usher III which was to modify the order of protection dated April 15, 2014, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated February 9, 2016, as denied that branch of the motion of Thomas J. Usher III which was to modify the order of protection dated September 3, 2014, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated February 9, 2016, is affirmed insofar as reviewed, without costs or disbursements.

On April 15, 2014, the Integrated Domestic Violence Part of the Supreme Court, Dutchess County (hereinafter the IDV Court), sentenced Thomas J. Usher III (hereinafter the father) to a period of incarceration on his convictions, upon his plea of guilty, of two counts of criminal contempt in the second degree in a criminal action. In connection with the sentence, the IDV Court entered a five-year order of protection against the father and in favor of the mother and the parties' two children. The April 15, 2014, order of protection did not state that it was subject to subsequent orders pertaining to custody and visitation, and limited the father's contact with the parties' children to cards, letters, recordings, and gifts.

On September 3, 2014, the IDV Court, in related child neglect, custody, and visitation proceedings, entered an order awarding custody of the parties' children to the mother and a one-year order of protection against the father and in favor of the mother and the parties' children. These orders also limited the father's contact with the parties' children to cards, letters, recordings, and gifts. Thereafter, in May 2015, the father moved to modify the order of protection dated April 15, 2014, the order of protection dated September 3, 2014, and the order of custody and visitation dated September 3, 2014. In an order dated February 9, 2016, the IDV Court, without a hearing, denied the father's motion. The father appeals.

The appeal from so much of the order dated February 9, 2016, as denied that branch of the father's motion which was to modify the order of protection dated April 15, 2014, which was entered in the criminal action, must be dismissed. "[A] defendant's right to appeal within the criminal procedure universe is purely statutory" (*People v Stevens*, 91 NY2d 270, 278 [1998]). While an order of protection issued at the conclusion of a criminal action is reviewable on an appeal from the judgment of conviction (*see People v Nieves*, 2 NY3d 310, 315 [2004]; *People v Mitchell*, 142 AD3d 1185 [2016]), the instant appeal involves the denial of a motion to modify an order of protection, for which no statutory right to appeal exists (*see* CPL 450.10, 450.15). Accordingly, the father's appeal from so much of the order dated February 9, 2016, as denied that branch of his motion which was to modify the order of protection dated April 15, 2014, must be dismissed (*see People v Whalen*, 49 AD3d 916, 916-917 [2008]).

The order of protection dated September 3, 2014, which was issued in the neglect proceedings, expired by its own terms on

September 3, 2015, and the determination of the appeal from so much of the order dated February 9, 2016, as denied that branch of the father's motion which was to modify this order of protection would, under the facts of this case, have no direct effect upon the parties (*see Matter of Jeni L.W.F. [Joseph F.]*, 107 AD3d 988, 989 [2013]; *Matter of Max F. [Emma F.-G.]*, 97 AD3d 816, 817 [2012]). Accordingly, the father's appeal from this portion of the order must be dismissed as academic.

The IDV Court properly denied, without a hearing, that branch of the father's motion which was to modify the order of custody and visitation dated September 3, 2014. "[W]here a criminal court order of protection bars contact between a parent and child, the parent may not obtain visitation until the order of protection is vacated or modified by the criminal court" (*Matter of Rihana J.H. [Quianna J.]*, 147 AD3d 945, 945 [2017]; *see Matter of Samantha WW. v Gerald XX.*, 107 AD3d 1313, 1316 [2013]; *Matter of Brianna L. [Marie A.]*, 103 AD3d 181, 186 [2012]). The criminal court has authority to determine whether its order of protection is "subject to" subsequent orders pertaining to custody and visitation, and can decline to amend an order of protection to so provide (*see Matter of Brianna L. [Marie A.]*, 103 AD3d at 186). Here, the order of protection dated April 15, 2014, that was entered in the criminal action did not state that it was "subject to" subsequent orders pertaining to custody and visitation. Moreover, that order of protection has not been vacated or modified. Since a modification of the order of custody and visitation dated September 3, 2014, would have countermanded the provisions of the order of protection dated April 15, 2014, the IDV Court properly denied that branch of the father's motion which was to modify the order of custody and visitation dated September 3, 2014, without a hearing (*see Matter of Rihana J.H. [Quianna J.]*, 147 AD3d 945 [2017]; *Matter of Samantha WW. v Gerald XX.*, 107 AD3d at 1316). Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.