People v Booker (2018 NY Slip Op 01959)





People v Booker


2018 NY Slip Op 01959


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

107354

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DESHAWN BOOKER, Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Jane M. Bloom, Monticello, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 3, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a nine-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived the right to appeal. After initially sentencing defendant, County Court vacated the sentence in order to provide defendant an opportunity to move to withdraw his plea. Following a hearing, County Court denied the motion and sentenced defendant, as a second felony offender, to 13 years in prison, to be followed by five years of postrelease supervision. Defendant
now appeals.
We affirm. Defendant's unchallenged waiver of the right to appeal precludes his contention that the agreed-upon sentence was harsh and excessive (see People v Fairweather, 147 AD3d 1153, 1154 [2017], lv denied 29 NY3d 1031 [2017]; People v Guzman-Moore, 144 AD3d 1267, 1268 [2016], lv denied 29 NY3d 949 [2017]). Defendant's claim that he was denied the effective assistance of counsel — because counsel failed to challenge the validity of a search warrant — does not implicate the voluntariness of his plea and is therefore foreclosed by his appeal waiver (see People v Bouck, 153 AD3d 1522, 1523-1524 [2017], lv denied 30 NY3d 1017 [2017]; People v Leigh, 71 AD3d 1288, 1288 [2010], lv denied 15 NY3d 775 [2010]). To the extent that defendant claims that his plea was involuntary due to the ineffective assistance of [*2]counsel, this claim is unpreserved for our review, inasmuch as he did not move to withdraw his plea on this ground (see People v Chaires, 150 AD3d 1326, 1327 [2017], lv denied 29 NY3d 1124 [2017]; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]).
We reject defendant's contention that he was unable to appeal the denial of his motion to withdraw his plea because County Court did not issue a written decision thereon. Initially, there is no requirement that a court render a written decision when denying a motion to withdraw a guilty plea (see CPL 220.60; see generally People v Elmer, 19 NY3d 501, 507-508 [2012]; compare People v Barnett, 99 AD3d 1030, 1031 [2012]). As to an appeal of the denial of a motion to withdraw a guilty plea, "[a]ppeals in criminal cases are strictly limited to those authorized by statute" (People v Bautista, 7 NY3d 838, 838-839 [2006]; accord People v Rubeo, 60 AD3d 1206, 1207 [2009]). "Inasmuch as an order denying a motion to withdraw a guilty plea does not fall within the provisions of CPL article 450," a separate appeal from such an order does not lie (People v Rubeo, 60 AD3d at 1207; see People v Riley, 25 AD2d 915, 916 [1966]). Rather, defendant could have challenged the denial of his motion upon appeal of the judgment of conviction (see CPL 470.15 [1]; People v Rubeo, 60 AD3d at 1207). Defendant's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.