People v Harris (2019 NY Slip Op 03074)





People v Harris


2019 NY Slip Op 03074


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-02961
2015-02962

[*1]The People of the State of New York, respondent,
v
Krystal Harris, appellant. (Ind. Nos. 2592/12, 10855/12)


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel; Javon Henry on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Ann Donnelly, J.), both rendered June 18, 2014, convicting her of attempted kidnapping in the second degree under Indictment No. 2592/12, and attempted course of sexual conduct against a child in the first degree and endangering the welfare of a child under Indictment No. 10855/12, upon her pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Batista, 167 AD3d 69; see also People v Bryant, 28 NY3d 1094, 1096; People v Sanders, 25 NY3d 337, 339-342; People v Brown, 161 AD3d 766). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentences imposed were excessive (see People v Bradshaw, 18 NY3d 257, 265; People v Lopez, 6 NY3d 248, 255).
The defendant's contention that the Supreme Court improvidently exercised its discretion in denying her request to make the final orders of protection entered at the time of sentencing "subject to" any subsequent order of the Family Court survives her valid waiver of appeal (see People v Cedeno, 107 AD3d 734; see also People v Bernardini, 142 AD3d 671, 672; People v Kumar, 127 AD3d 882, 883). "The [Supreme] Court has authority to determine whether its order of protection will be subject to Family Court orders" (Matter of Brianna L. [Marie A.], 103 AD3d 181, 186). Under the circumstances of this case, the court providently exercised its discretion in denying her request (see Matter of Utter v Usher, 150 AD3d 863, 865; Matter of Brianna L. [Marie A.], 103 AD3d at 186).
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court