Matter of Donnie HH. v Ashley II. (2019 NY Slip Op 05357)





Matter of Donnie HH. v Ashley II.


2019 NY Slip Op 05357


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

526755

[*1]In the Matter of DONNIE HH., Appellant,
v
ASHLEY II., Respondent. (And Another Related Proceeding.)

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 10, 2018, which, in two proceedings pursuant to Family Ct Act article 6, sua sponte dismissed the petitions.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2015 and 2017). Pursuant to a June 2016 order entered on consent, the mother was granted sole custody and physical placement of the older child and the father was granted supervised visitation to take place in a public location. In January 2017, the father was incarcerated on pending criminal charges and, that same month, the younger child was born. Pursuant to a May 2017 order, the mother was granted sole custody and physical placement of the younger child with the provision that the father's release from incarceration shall be deemed a change in circumstances to allow him to file a petition for modification of said order. In June 2017, a temporary criminal order of protection was put in place prohibiting the father from contacting, among others, the mother and the children for a period of one year. In March 2018, the father was convicted after a jury trial of, among other things, burglary in the second degree and 22 counts of criminal contempt in the second degree [FN1]. In April 2018, while incarcerated and awaiting sentencing, the father, pro se, commenced these two proceedings seeking to modify the June 2016 and May 2017 orders to be granted visitation with the children in prison. Family Court sua sponte dismissed both petitions, finding that the father had failed to [*2]show the requisite change in circumstances and that the stay-away order of protection remained in effect, prohibiting the father from contact with the children. The father appeals.[FN2]
A party who seeks to modify a prior custody order "bears the initial burden of showing a change in circumstances since entry thereof, and, upon satisfying this burden, [the party] must then demonstrate that modification is in the child's best interests" (Matter of Perry v Leblanc, 158 AD3d 1025, 1026 [2018]; see Matter of Beers v Beers, 163 AD3d 1197, 1198 [2018]). The father, who was awaiting sentencing in the criminal case, alleged in his petitions that a change in circumstances had occurred because he had been convicted of, among other things, burglary in the second degree, and, consequently, was facing a lengthy prison sentence ranging from 5 to 15 years. However, we need not reach the issue of whether the father's conviction constituted a change in circumstances because "where a criminal court order of protection bars contact between a parent and child, the parent may not obtain visitation until the order of protection is vacated or modified by the criminal court" (Matter of Utter v Usher, 150 AD3d 863, 865 [2017] [internal quotation marks and citation omitted]; see Matter of Pedro A. v Gloria A., 168 AD3d 1152, 1153 [2019]). Therefore, before Family Court would be authorized to modify the order of custody and visitation, the criminal order of protection would have to be modified (see Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1316 [2013]; see generally CPL 530.12 [15]). Given the circumstances present here, Family Court properly dismissed the father's petitions (see Matter of Utter v Usher, 150 AD3d at 865). The father's remaining arguments are without merit.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Importantly, here Family Court noted that the mother was the victim of these crimes and the children were present during the commission of some of those offenses.

Footnote 2: Although Family Court dismissed both of the father's petitions, its order only addressed the May 2017 order pertaining to the younger child and did not address whether there was a change in circumstances since the entry of the June 2016 consent order as to the older child. Likewise, the father's CPLR 5531 statement only references his petition to modify the "May 2017 custody order granting sole custody and placement of the parties' daughter" (emphasis added). Because the father does not raise any arguments in his brief concerning the dismissal of his petition to modify the June 2016 consent order, any claims with respect thereto have been deemed abandoned (see Matter of Sean Q. v Sarah Q., 156 AD3d 1173, 1173 n 1 [2017]; Matter of Freedman v Horike, 107 AD3d 1332, 1332 [2013]).