## Paulino v Benson

2020 NY Slip Op 35559(U)

June 26, 2020

Supreme Court, Bronx County

Docket Number: Index No. 28118/2019E

Judge: John R. Higgitt

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: I.A.S. PART 14
-------------------------------------------------------------------------X
NILSA PAULINO,

                                Plaintiff,

               - against -

JOHN ALLAN BENSON, "JOHN DOE", said name
being fictitious and presently unknown, and "XYZ
CORPORATION", said name being fictitious and
presently unknown,

                                Defendants.

-------------------------------------------------------------------------X

**DECISION AND ORDER**

Index No. 28118/2019E

John R. Higgitt, J.

     Upon plaintiff's January 8, 2020 notice of motion and the affirmation and exhibits submitted in support thereof; defendant Benson's March 2, 2020 affirmation in opposition and the exhibits submitted therewith; plaintiff's March 13, 2020 affirmation in reply and due deliberation; plaintiff's motion for partial summary judgment on the issue of defendant Benson's liability for causing the subject motor vehicle accident and for dismissal of defendant Benson's affirmative defense alleging plaintiff's failure to wear a seatbelt is denied.

     This is a negligence action to recover damages for personal injuries plaintiff allegedly sustained in a motor vehicle accident that took place on January 17, 2019. In support of her motion plaintiff submits the pleadings and her affidavit. Plaintiff averred that at the time of the accident she was in the process of merging onto the Cross Bronx Expressway when she had to come to a stop because traffic in front of her was stopped. Plaintiff averred that after her vehicle was stopped for a few seconds, defendant Benson's vehicle suddenly struck the rear of her vehicle.

     In opposition, defendant Benson averred that he was traveling in the rightmost lane of moving traffic when suddenly plaintiff's vehicle attempted to merge into his lane, causing the

accident.[1] Defendant Benson also submitted photographs of the vehicle, which show the damage to the subject vehicles.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Summary judgment should be denied where there is any doubt as to the existence of a triable issue (*see Zuckerman, supra*). When there is conflicting evidence as to how an accident occurred, summary judgment is inappropriate (*see Elamin v Robert Express, Inc.*, 290 AD2d 291 [1st Dept 2002]). In deciding a summary judgment motion, the court should not weigh the parties' credibility (*see Krupp v Aetna Life & Casualty Co.*, 103 AD2d 252, 262 [2d Dept 2002]).

The conflicting versions as to how the accident occurred demonstrate the existence of issues of fact and credibility, making summary judgment in favor of plaintiff inappropriate (*see Peritore v Anna & Diane Cab Corp.*, 127 AD3d 669 [1st Dept 2014]). Notably, defendant Benson's account of the events is not incredible as a matter of law (*cf. Moorhouse v Standard, N.Y.*, 124 AD3d 1 [1st Dept 2014]). Moreover, defendant Benson's affidavit is not materially inconsistent with any police-report admissions. No statement in the report is clearly attributable to defendant Benson, and the statement plaintiff believes was made by defendant Benson is not inconsistent with his affidavit.

---

[1] Although defendant Benson's affidavit does not comply with CPLR 2309(c), the court can and does allow defendants to correct the technical defect (*see Bank of N.Y. v Singh*, 139 AD3d 486 [1st Dept 2016]).

[* 2]

As to defendant Benson's fourth affirmative defense alleging plaintiff's failure to wear a seatbelt, plaintiff averred that, at the time of the accident, she was wearing a seat belt. However, whether plaintiff was wearing a seatbelt at the time of the accident is a matter that is exclusively within her knowledge and defendants must be allowed to explore it in discovery (*see* CPLR 3212[f]).

Accordingly, it is

ORDERED, that plaintiff's motion is denied; and it is further

ORDERED, that defendant Benson is to file and serve an affidavit that complies with CPLR 2309(c) within 60 days of the date of this decision and order.

The parties are reminded that a compliance conference has been scheduled before the undersigned on November 6, 2020 at 9:30 a.m. in courtroom 407.

This constitutes the decision and order of the court.

Dated: June 26, 2020

_____
John R. Higgitt, J.S.C.

[* 3]