Matter of Schoepfer v Colon (2021 NY Slip Op 05344)





Matter of Schoepfer v Colon


2021 NY Slip Op 05344


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2020-01251
 (Docket Nos. V-71-19, V-74-19)

[*1]In the Matter of Christopher L. Schoepfer, respondent,
v
Jessana Santos Colon, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
Kelli M. O'Brien, Goshen, NY, for respondent.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Supreme Court, Orange County (IDV Part) (Lori Currier Woods, J.), dated December 6, 2019. The order, without a hearing, denied the mother's motion, in effect, for supervised parental access.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of two children. In 2018, the Family Court awarded the parties temporary shared legal and physical custody of the children. Thereafter, the mother allegedly absconded with the children to Indiana. On December 26, 2018, the father filed a petition in the Family Court alleging that the mother had violated the temporary order of custody and denied him all access to the children. Ultimately, a warrant of arrest was issued for the mother, and she was arrested in Indiana and later extradited to New York. On August 23, 2019, the mother was arraigned in the County Court, Orange County, on charges of custodial interference in the first degree and criminal contempt in the second degree, and that court issued temporary orders of protection in favor of the children and against the mother, which directed the mother to stay away from the children. The temporary orders of protection did not indicate that they were subject to any subsequent court orders pertaining to custody and parental access. The Family Court and County Court cases were transferred to the Integrated Domestic Violence Part of the Supreme Court (hereinafter IDV Court). Thereafter, the mother moved, in effect, for supervised parental access with the children. The IDV Court, without a hearing, denied the mother's motion, and directed that she was not entitled to any parental access with the children. The mother appeals.
The IDV Court properly denied, without a hearing, the mother's motion, in effect, for supervised parental access. "[W]here a criminal court order of protection bars contact between a parent and child, the parent may not obtain visitation until the order of protection is vacated or [*2]modified by the criminal court" (Matter of Rihana J.H. [Quianna J.], 147 AD3d 945, 946; see Matter of Utter v Usher, 150 AD3d 863, 865). The criminal court has authority to determine whether its order of protection is subject to subsequent orders pertaining to custody and parental access, and can decline to amend an order of protection to so provide (see Matter of Utter v Usher, 150 AD3d at 865; Matter of Brianna L. [Marie A.], 103 AD3d 181, 186). Here, the temporary orders of protection that were entered in the criminal action did not state that they were subject to subsequent court orders pertaining to custody and parental access. Moreover, those orders of protection have not been vacated or modified. Since an order of parental access would have countermanded the provisions of the temporary orders of protection, no hearing was necessary to deny the mother's motion, in effect, for supervised parental access with the children (see Matter of Utter v Usher, 150 AD3d at 865; Matter of Rihana J.H. [Quianna J.], 147 AD3d at 946).
The mother's remaining contentions need not be reached in light of our determination.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court